UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAIS YACOUB,

    Plaintiff,

    v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

CASE NO. C07-1415RSM

ORDER OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)

    Plaintiff Kais Yacoub, appearing *pro se* and *in forma pauperis,* has filed this complaint against numerous defendants, alleging that they have poisoned him with toxic chemicals and used other means to gain control of his mind and cause other injury. The Court has reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2), and finds that it should be dismissed as frivolous.

    Congress provided with respect to *in forma pauperis* cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, § 1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F. 3d 1122, 1127 (9th Cir. 2000). Further, "[i]t is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an *in forma pauperis* complaint if it fails to state a claim under § 1915(e)(2)(B)(ii), or if it is

ORDER OF DISMISSAL - 1

frivolous or malicious under § 1915(e)(2)(B)(i).

"[A] complaint, containing both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Dismissal is appropriate when the facts alleged are "clearly baseless," "fanciful," "fantastic," and/or "delusional." *Id*.

Plaintiff's complaint falls into the category of "the irrational or wholly incredible." In a detailed, single-spaced, twenty-one page complaint, he alleges that the defendants have used toxic chemicals, telepathy, color coding, astral bodies, electromagnetic waves, and other methods to control his mind and bodily functions. The named defendants include the United States of America and its agencies the Central Intelligence Agency and the Federal Bureau of Investigation; the countries of Iraq, Israel, India, France, and England; organizations such as the Knights of Columbus and American Zionist Movement; businesses such as Staples, Safeway, Fred Meyer, and AT & T; various hospitals, physicians, and dentists; the Washington State Patrol; Bellevue Police Department; and others. He alleges jurisdiction under 28 U.S.C. § 1331, federal question.

The Court finds that plaintiff's allegations rise to the level of being fanciful, delusional, and factually incredible. *Denton v. Hernandez*, 504 U.S. at 33. Accordingly, the Court shall dismiss the complaint as frivolous, without putting any defendant to the task of responding. The Court further finds that the defects in the complaint are incurable, so that plaintiff shall not be granted leave to amend.

The complaint and action are accordingly DISMISSED without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Dated this 20th day of September, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 2